## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

TERRY STEEN,

      Plaintiff,

v.

USAA GENERAL INDEMNITY COMPANY,

      Defendant.

---

## NOTICE OF REMOVAL

---

Defendant USAA General Indemnity Company ("USAA GIC"), by its undersigned attorneys, submits this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. In support thereof, Defendant states as follows:

### INTRODUCTION

1.      On May 20, 2019, Plaintiff Terry Steen ("Plaintiff") filed a Complaint against USAA GIC in the District Court for Boulder County, Colorado commencing a state court action. (Exhibit A, State Court Complaint).

2.      The Complaint alleges damages arising out of a May 7, 2017 hail storm and a related claim for property damage benefits under an insurance policy issued by Defendant. (*Id.*, ¶¶ 5, 7, 8, 10). Plaintiff alleges that Defendant mishandled his claim for property damage benefits and improperly denied and/or delayed payment of benefits under the subject insurance policy. (*Id.*, ¶¶ 10-23).

3. Plaintiff asserts claims for breach of contract, common law bad faith, and violation of C.R.S. §§ 10-3-1115. (*Id.*, pp. 3-6.) Plaintiff seeks as damages in this action contractual property damage benefits under the insurance policy. (*Id.*, ¶¶ 24-33, pp. 3-4.) Plaintiff additionally seeks extra-contractual damages for bad faith, including statutory damages under C.R.S. § 10-3-1116 totaling two-times the covered benefits and reasonable attorney fees and costs. (*Id.*, pp. 4-6.)

4. Plaintiff claims that Defendant still owes Plaintiff the total value of his damaged vehicle, which is "at least $26,500; and probably more than $30,000." *Id.*, ¶ 10, 11.[1] Plaintiff additionally claims damages of his "attorney's fees, costs, and two times the covered benefit" pursuant to a statutory bad faith claim. *Id.*, ¶ 42. Based on the allegations of the Complaint, Plaintiff therefore claims at least $79,500 plus attorney's fees and costs.

5. Further, Plaintiff filed a District Court Civil Cover Sheet which indicates that he is seeking a monetary judgement in excess of $100,000. (Exhibit B, Civil Cover Sheet.)

6. Plaintiff served the Complaint on USAA GIC through its registered agent on July 16, 2019. (Exhibit C, Return of Service.)

7. With the Complaint, Plaintiff also served a Summons. (Exhibit D, Summons.)

## GROUNDS FOR REMOVAL

8. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

---

[1] Contrary to the allegations in the Complaint, Defendant issued payments totaling $17,744.92 for the loss to the vehicle.

9.     Under 28 U.S.C. § 1332(a)(1), the district courts have original jurisdiction as to "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States …"

10.    Removal is accomplished by filing a notice of removal stating the grounds for removal, together with a copy of all papers and orders served on defendant, which must be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based. 28 U.S.C. § 1446(a), (b)(1).

11.    In this case, removal is proper because this is a civil action in which there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. As such, this court has original jurisdiction pursuant to 28 U.S.C. § 1332. Defendant has further complied with the requirements of 28 U.S.C. § 1446.

### *Complete Diversity Between the Parties*

12.    There is complete diversity between the parties in this action, as all parties to this action are citizens of different states.

13.    Plaintiff Terry Steen is a citizen of the State of Colorado. He resides in Broomfield County, Colorado, with his principal residence located at 2730 Calkins Place, Broomfield, Colorado 80020. (Exhibit A, ¶ 1 and p. 6.) He has a Colorado driver's license, which was issued in April 2017 and lists the same residential address. (Exhibit E, DMV Record.) The automobile policy that is the subject of this lawsuit was issued to Mr. Steen at this same Broomfield Colorado address. (Exhibit F, Certified Automobile Policy.) He is also registered to

vote in Colorado, listing the same residential address. (Exhibit G, Voter Registration Record.) He first registered to vote in Colorado in 2005. (Exhibit G.)

14. Defendant USAA GIC is a citizen of the State of Texas, as it is an entity organized under the laws of the State of Texas and has its principal place of business in San Antonio, Texas. (Exhibit H, Secretary of State Record.) *See also* 28 U.S.C. § 1332(c)(1) (for purposes of diversity, corporation is deemed to be citizen of every state by which it has been incorporated and of the state where it has its principal place of business); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

### *Amount in Controversy*

15. The amount in controversy exceeds $75,000. According to his Complaint, Plaintiff seeks damages for property damage under the policy's coverage. He alleges at least $26,500 in property damage. (Exhibit A, ¶ 11.) In addition, Plaintiff seeks statutory damages of two times the covered benefits, plus attorney fees and costs under C.R.S. § 10-3-1116. (*Id.*, ¶ 42.) Plaintiff also seeks non-economic losses as well as damages alleged to have been incurred as a result of USAA GIC's alleged bad faith. (Exhibit A, p.6). Finally, Plaintiff expressly indicates in his Civil Cover Sheet (Exhibit B) that he is seeking a monetary judgment in excess of $100,000. *See Paros Prop., LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264 (10th Cir. 2016) (civil cover sheet is "other paper" from which amount in controversy may be ascertained).

### *Procedural Requirements*

16. Defendant's Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b). Plaintiff served the Complaint on Defendant on July 16, 2019 (*see* Exhibit C), and this Notice of Removal is filed within 30 days of that date.

17. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings and other papers served in this action are attached, including the Complaint (Exhibit A); Civil Case Cover Sheet (Exhibit B); Return of Service (Exhibit C); Summons (Exhibit D); Defendant's Unopposed Motion for Extension of Time to Respond to Complaint and Proposed Order (Exhibit I); and Order re: Motion for Extension of Time to Respond to Complaint (Exhibit J).

18. Pursuant to 28 U.S.C. § 1446(d), the undersigned hereby certifies that this Notice of Removal has been filed with the Clerk of the Court for the Denver County District Court and served on Plaintiff's counsel. *See* Exhibit K, Notice of Filing of Notice of Removal.

19. Pursuant to D.C.COLO.LCIVR 81.1, a copy of the register of actions in the state court action is attached as Exhibit L. There are no pending motions, petitions, or related responses, replies, or briefs in the state court action, and no hearings are scheduled.

20. By filing this Notice of Removal, Defendant does not waive any defense that may be available to it. Defendant has not yet filed an Answer or other response to the Plaintiff's Complaint in the state court action, as the state trial court extended the time until August 27, 2019. Defendant will file its response with this Court by such deadline.

WHEREAS, Defendant USAA GIC requests that the above action now pending against it in the District Court for Boulder County be removed to this Court.

Dated this August 15, 2019

Respectfully submitted,

*s/ Tory D. Riter*

_____
Tory D. Riter, Esq.
Amy T. Johnson, Esq.
Morgan Rider Riter Tsai, PC
1512 Larimer Street, Suite 450
Denver, CO 80202
Phone: (303) 623-1832
Fax: (303) 623-1833
Email: triter@morganrider.com
       ajohnson@morganrider.com

ATTORNEYS FOR DEFENDANT

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was duly served this August 15, 2019, to each of the following:

| | | |
|---|---|---|
| John G. Taussig, III | ( ) | via U.S. Mail |
| TAUSSIG & SMITH, P.C. | (x) | via Electronic Mail |
| 5377 Manhattan Circle, Suite 203 | ( ) | via Facsimile |
| Boulder, CO 80303 | ( ) | via Overnight Mail |
| *Counsel for Plaintiff* | ( ) | via CM/ECF System |

s/ Felisha Hurtado